IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02429-STV

MIGUEL PENA TRUJILLO,

     Applicant,

v.

JUAN BALTASAR, Warden,
GEORGE VALDEZ,[1]
TODD LYONS, and
ATTORNEY GENERAL,

     Respondents.

---

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

This matter is before the Court pursuant to the Order of Reference [#13], entered on June 15, 2026, and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge [#12]. The Court has carefully reviewed the filings to date, and the applicable case law, and has determined that oral argument would not materially assist the Court in reaching a disposition. For the following reasons, the Court **DENIES** the Application as moot.

## I. BACKGROUND

Applicant is a native and citizen of Columbia. [#10-1 at ¶4] On June 1, 2026, Applicant commenced this action *pro se* by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1]. At that time, Applicant was in the custody of

---

[1] Pursuant to Fed. R. Civ. P. 25(d), George Valdez is automatically substituted for Robert Hagan.

United States Immigration and Customs Enforcement ("ICE") at the ICE contract detention facility in Aurora, Colorado ("Denver CDF"). [*Id.* at 1] Applicant contends his detention is unconstitutional because it has been prolonged and there is no significant likelihood of removal in the reasonably foreseeable future. [*Id.* at 2] Applicant seeks immediate release as relief. [*Id.* at 4]

On June 4, 2026, Respondents were ordered to show cause why the Application should not be granted. On June 11, 2026, Respondents filed a Response to Order to Show Cause [#10] arguing that Applicant's claims lack merit, in part because Applicant was scheduled to be removed that day. Respondents also state in a footnote that "Respondents were notified, immediately before filing this response, that Petitioner has in fact been removed." [*Id.* at 6, n.2.]

Beginning on June 15, 2026, several items of mail sent by the Court to Applicant at the Denver CDF have been returned to the Court undelivered. [##14, 15, 17] One of the returned envelopes includes handwritten notations that read "RTS," "Return to Sender," and "no answer, released." [#14] Another returned envelope is stamped "RETURN TO SENDER" and includes a handwritten notation that reads "NOT HERE." [#15]

## II. MOOTNESS

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to

the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). At all stages of the case the parties must have a "personal stake in the outcome" of the lawsuit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78). Federal courts have no authority to give an opinion upon a question that is moot due to events that occur during the pendency of the action. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).  When a habeas petitioner has been released from custody, the petition must be dismissed as moot unless one of the following exceptions to the mootness doctrine applies: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002).

The record before the Court indicates Applicant was removed from the United States and no longer is in the custody of United States immigration officials. Applicant makes no argument, and there is no indication in the file, that any of the *Riley* exceptions apply. As a result, Applicant's claim challenging the constitutionality of his detention is moot.

### III. CONCLUSION

For the reasons discussed in this order, the Application is moot and the action will be dismissed for lack of jurisdiction. Accordingly, it is: **ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1] is **DENIED** as moot and this action is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

DATED July 8, 2026.

BY THE COURT:


Scott T. Varholak
Chief United States Magistrate Judge